FILED
SEP 7 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHARLES F. DAVIS and<br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 06-624 T |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff Charles F. Davis ("Plaintiff" or "Davis") is a citizen of the United States of America whose address is 26Boathouse Rd., Gouldboro, ME, 04607.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404, and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1986)

5. Davis filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-3350.

6. For 1986, Davis was a limited partner in USB-1986 ("USB86"), a California limited partnership.

7. USB86 timely filed its 1986 Form 1065, partnership tax return.

8. A dispute arose between the IRS and USB86 as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

9. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

10. On July 1, 2002, the IRS assessed tax liability of $9,171.00 against Davis for 1986 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $36,882.16 against Davis for 1986.

11. On February 10, 2002, Davis posted a cash bond of $95,000.00 to their 1986 tax account, which the IRS applied to the 1986 assessments.

12. On May 28, 2004, Davis filed with the IRS a claim for refund of $23,728.73 of interest and §6621(c) penalty interest for 1986.

13. As grounds for recovery, Davis restates and incorporates by reference the averments set forth in the Explanation to his refund claim for 1986:

A. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

B. Plaintiff is not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayer that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

C. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States,*

389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

D. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

E. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general

 R:\DOCS\TAXCONT.T\tmwc90666.da1.wpd

partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

F. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

14. Over six (6) months have elapsed since Davis filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

15. Davis is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

WHEREFORE, Plaintiff Charles F. Davis prays for judgment against the Defendant the United States of America in the amount of $23,728.73, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS
CHARLES F. DAVIS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)

Form **843** (Rev. November 2002)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves* ***(a)*** *one of the taxes shown on line 3a or* ***(b)*** *a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not*** *use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

Name of claimant: CHARLES F. DAVIS

Your SSN or ITIN: [redacted]-3350

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester ***(POA ATTACHED, FORM 2848)***

Spouse's SSN or ITIN:

City or town, state, and ZIP code: Houston, Texas 77018-7010 *****ADDRESS FOR THIS MATTER ONLY*****

Employer identification number (EIN):

Name and address shown on return if different from above:
16 Alora Drive
Topsham, ME 04086

Daytime telephone number: 713-965-9244

**1** Period. Prepare a separate Form 843 for each tax period
From January 1, 1986 to December 31, 1986

**2** Amount to be refunded or abated $ 23,728.73**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☒ Penalty — IRC section ▶ §6621(c)

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☒ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ 7/1/02 and subsequent

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

***** *Please See Explanation Attached* *****

** *or such greater amount as is legally refundable, plus interest.*

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Charles F. Davis — 5/24/04
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date

Signature — Date

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**
ISA
STF FED1524F

Form **2848**
(Rev. January 2002)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name ____________
Telephone ____________
Function ____________
Date / /

## Part I Power of Attorney (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| CHARLES F. DAVIS<br>16 ALCORA DR.<br>TOPSHAM, ME. 04086 | [redacted] 7350 | |
| | Daytime telephone number<br>207 7255869 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7806-28309R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78387R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and partnership items for all partnerships in which the taxpayer is a partner. For CAF purposes enter 1040 information only. | Tax periods ending: December 31, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001 and 2002. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** ........ ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under IRC Section 6103(e)(1)(C) relative to forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here ____________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Charles F. Davis — Signature | 9/8/03 — Date | Title (if applicable)

CHARLES F. DAVIS — Print Name

Signature | Date | Title (if applicable)

Print Name

## Part II Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 9-12-03 |
| A | Texas | Sallie W. Gladney | 9-12-03 |
| A | Texas | Teresa J. Womack | 9-12-03 |



STF FED4675F.2

**CHARLES F. DAVIS**
**(SSN [redacted]-3350)**
**EXPLANATION - 1986 REFUND CLAIM**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the USB-86 Associates partnership (referred to in this explanation as "the Partnership") for 1986, is filed based upon the following grounds:

1. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

2. The taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

3. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance might support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

4. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of I.R.C. §6621(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6621(c) or the regulations thereunder as a tax motivated transaction.

5. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal

investigation of Mr. Behrens and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(b) Second, interest should be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

Exhibits: A - Evidence of tax assessment and payment

EVENT SUMMARY REPORT TaxInterest Version W2004.1
Taxpayer name...: Davis, Charles 86 05-10-04
Taxpayer ID#....: Page 1

| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| Tax | 04-15-87 | 9,171.00 | 9,171.00 |
| Suspend interest | 12-31-88 | | 10,887.90 |
| Resume interest | 04-01-93 | | 10,887.90 |
| Suspend interest | 12-16-01 | | 22,415.36 |
| Deposit as bond | 02-10-02 | <35,000.00> | <12,584.64> |
| Interest Computation Date | 07-01-02 | | <12,584.64> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Summary as of 07-01-02

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax | 9,171.00 | 0.00 | <21,755.64> | <12,584.64> |
| Interest | 13,244.36 | 0.00 | <13,244.36> | 0.00 |
| Totals | 22,415.36 | 0.00 | <35,000.00> | <12,584.64> |

Prepared using: FEDERAL IRS interest rates
Table end date: 03-31-04 TVS Table

Interest Charged by IRS 36,973.09
Corrected Interest 13,244.36
Overcharged Interest $23,728.73

Exhibit A, P. 1

'AGE NO-0001

IRS EMPLOYEE 1052342337

'ATE REQUESTED 08-07-2002

PRINT DATE 08-08-2002

'ORM NUMBER: 1040

TAX PERIOD: DEC 1986

TAXPAYER IDENTIFICATION NUMBER: [redacted]-3350
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]-2618

CHARLES F & ELIZABETH S DAVIS

BODC-SB BODCLC-U

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 11,052.15 | |
| ACCRUED INTEREST: | 0.00 | AS OF 08-19-2002 |
| ACCRUED PENALTY: | 0.00 | AS OF 08-19-2002 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 11,052.15 | |

| | | |
|---|---|---|
| * EXEMPTIONS: 04 | | **FILING STATUS: MARRIED FILING JOINT |
| * ADJUSTED GROSS INCOME: | 112,398.00 | |
| * TAXABLE INCOME: | 57,058.00 | |
| TAX PER RETURN: | 16,517.00 | |

* PER RETURN OR AS ADJUSTED

4-15-1987 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
5-18-1987 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED 08221-108-83917-7 | [illegible]-18-1987 | 16,517.00 |
| 806 | CREDIT FROM WITHHELD TAXES & EXCESS FICA | 04-15-1987 | 22,593.00- |
| 846 | REFUND | 05-18-1987 | 6,076.00 |
| 960 | RECEIVED POA/TIA | [illegible]-24-199[illegible] | |
| 961 | REMOVED POA/TIA | 03-01-[illegible] | |
| 977 | AMENDED RETURN FILED 29277-435-01488-0 | 12-31-1999 | 0.00 |
| 640 | ADVANCE PAYMENT OF DEFICIENCY | 02-10-2002 | 35,000.00- |
| 340 | RESTRICTED INTEREST ASSESSED 200225 | 07-01-2002 | [illegible].15 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 19247-564-08017-2 200225 | 07-01-2002 | 9,171.00 |

36,882.16

Exhibit A, P. 2

IRS Department of the Treasury
Internal Revenue Service
HOLTSVILLE, NY 00501-0030

000040 198612 SBU
Notice Number: CP 503
Notice Date: 08-05-2002
SSN/EIN: [redacted]-3350
Caller ID: 321694

CHARLES F & ELIZABETH S DAVIS
16 ALORA DR
TOPSHAM ME 04086-5354168

*023263350101*

# IMPORTANT

Immediate action is required.

We previously wrote to you about your unpaid account, but you haven't contacted us about it. Penalties and interest on the unpaid balance are continuing to increase. Please pay the amount you owe within ten days from the date of this notice. If you can't pay now, call us at the number shown below. You may be qualified for an installment agreement or payroll deduction agreement. We want to help you resolve this bill. However, if we don't hear from you, we will have no choice but to proceed with steps required to collect the amount you owe. If you already paid your balance in full or arranged for an installment agreement, please disregard this notice.

**Account Summary**

Form: 1040 | Tax Period: 12-31-1986

| | |
|---|---|
| Current Balance: | $11,144.09 |
| Includes: | |
| Penalty: | $0.00 |
| Interest: | $91.94 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-8815.

Questions? call us at **1-800-829-8815**

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 503
Notice Date: 08-05-2002

*write on your check:*

| | | |
|---|---|---|
| 1040 | 12-31-1986 | 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 |

Amount Due: $11,144.09

Internal Revenue Service
HOLTSVILLE, NY 00501-0030

CHARLES F & ELIZABETH S DAVIS
16 ALORA DR
TOPSHAM ME 04086-5354168

Exhibit A, P. 3

023263350 TB DAVI 30 0 198612 670 00000000000

| Form **4549A** | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | Page 1 of 2 |
|---|---|---|

| **Name and Address of Taxpayer** | **SS or EI Number** | **Return Form No:** |
|---|---|---|
| CHARLES F & ELIZABETH S DAVIS<br><br>16 ALORA DR<br>TOPSHAM ME 04086-5354 | [redacted]-3350 | 1040 |
| | Person with whom examination changes were discussed. | **Name and Title:** |

| 1. **Adjustments to Income** | **Period End** 12/31/1986 | **Period End** | **Period End** |
|---|---|---|---|
| a. SCHEDULE E, ORDINARY INCOME ( LOSS ) | 21,836.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 21,836.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 65,222.00 | | |
| 4. **Corrected Taxable Income** | 87,058.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | Joint | | |
| 5. **Tax** | 25,738.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 25,738.00 | | |
| 8. **Less Credits** a. Political Contribution | 50.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 9. **Balance** (Line 7 less total of lines 8a through 8d) | 25,688.00 | | |
| 10. Plus Other Taxes a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 25,688.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 16,517.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | | | |
| b. | | | |
| c. | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | 9,171.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | 9,171.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Version 3.00.00

Form CG-4549A

Exhibit A, P4

Form **4549A** | Department of the Treasury - Internal Revenue Service

# Income Tax Examination Changes

Page 2 of 2

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| CHARLES F & ELIZABETH S DAVIS | [redacted]-3350 | 1040 |

| 17. Penalties | Period End 12/31/1986 | Period End | Period End |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18. Total Penalties | | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | 0.00 | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | 0.00 | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 9,171.00 | | |
| 19. Summary of Taxes, Penalties and Interest: | | | |
| a. Balance due or Overpayment Taxes – Line 16, Page 1 | 9,171.00 | | |
| b. Penalties (Line 18, Page2)-computed to 06/07/2002 | | | |
| c. Interest (IRC§ 6601)-computed to 07/07/2002 | 0.00 | | |
| d. TMT Interest – computed 7/07/200 on TMT underpayment | 0.00 | | |
| e. Amount due or refund (sum of lines a, b, c and d) | 9,171.00 | | |

**Other Information:**

THIS IS A FINAL REPORT BASED ON A SIGNED TAX COURT CLOSING AGREEMENT FOR USB-86 ASSOCIATES C/O AMERICAN AGRI-CORP EIN:33-0195616. WE HAVE ADJUSTED YOU RETURN ACCORDINGLY.
PLEASE SEE ATTACHMENTS.

ALL OR PART OF THE UNDERPAYMENT OF TAX YOU WERE REQUIRED TO SHOW ON YOUR RETURN IS A SUBSTANTIAL UNDERSTATEMENT ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS, AS DEFINED BY SECTION 6621(C) (3) OF THE INTERNAL REVENUE CODE. ACCORDINGLY, THE ANNUAL INTEREST RATE PAYABLE ON YOUR INCOME TAXES ON THIS UNDERSTATEMENT IS 120 PERCENT OF THE ADJUSTED RATE ESTABLISHED UNDER CODE SECTION 6621 (B).

IF YOU REQUIRE ANY ADDITIONAL INFORMATION, PLEASE CONTACT YOUR TAX MATTERS PARTNER.

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| MRS. C. WANG | 0178255949 | | 06/07/2002 |

RGS Version 3.00.00

Form CG-4549A

Exhibit A, P. 5

**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

May 28, 2004

**PRIORITY CERTIFIED MAIL**
**# 7001 2510 0002 0786 6038**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Andover, Massachusetts 05501

Re: Charles F. Davis (SSN[redacted]-3350)
Form 843, Claim for Refund and Request for Abatement, for 1986
Form 8822, Change of Address, for tax year 1986

Dear Sirs:

Enclosed is the above refund claim to be filed for the above client. Please mail the refund in my care accordance with the instructions on Part 6 of the attached power of attorney.

Very truly yours,

REDDING & ASSOCIATES, P.C.

Thomas E. Redding

TER:js
Enclosures - Form 843 (1)
Form 8822
Power of Attorney

7001 2510 0002 0786 6038

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ 385 |
| Certified Fee | 230 |
| Return Receipt Fee (Endorsement Required) | 175 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 790 |

HOUSTON TX OAK FOREST STA
Postmark Here
MAY 28 2004
USPS 77018

Sent To: Internal Revenue Service Center
Street, Apt. No.; or PO Box No. Andover, MA 05501
City, State, ZIP+4
C. Davis

PS Form 3800, January 2001 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service Center
Andover, MA 05501

C. Davis

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X JUN 01 2004 ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7001 2510 0002 0786 6038

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

…548 (…uary 2002) …ment of the Treasury …al Revenue Service